O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| EDWIN HENRY EDWARDS, TDCJ-CID # 657828, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. V-02-096 |
| JANIE COCKRELL, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Edwin Henry Edwards, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ-CID officials claiming that he was improperly disciplined and subjected to retaliation. Edwards names the following individuals as defendants: TDCJ-CID Director Janie Cockrell, Regional Director Robert Parker, Warden Brenda Chaney, Captain Ricky Doss, Substitute Counsel Lana Podson, Grievance Coordinator Crystal Irvin, and Correctional Officer III Joshua Miles. After reviewing Edwards' complaint and his More Definite Statement (Docket Entry No. 6), the court has determined that this action should be dismissed as frivolous.

**I. Allegations**

The incident in question occurred at the TDCJ-CID Stevenson Unit. On September 22, 2000, Edwards began arguing with Officer Miles while Edwards was trying to obtain supplies from Law Library Officer Lynda Kite. In response to the dispute, Kite told Edwards to get out of line.

Edwards stated that he would comply with Kite's commands but was not willing to obey from anyone else. Upon hearing the statement, Miles charged Edwards with refusing to obey an order.

Edwards was given formal written notice of the charge on September 25, 2000, and attended the hearing which occurred on September 27, 2000. Edwards entered a plea of not guilty to the charge, Lana Podson represented him at the hearing, and Captain Doss served as the hearing officer. After hearing testimony from Edwards, three of his witnesses, and the evidence against him, Doss found Edwards guilty and assessed the following punishments: a loss of 45 days of recreation and commissary privileges, 45 days of cell restriction, 15 days of solitary confinement, a demotion from Line Class 1 to Line Class 2, and a loss of 30 days of good conduct time. Edwards was given a written copy of Doss's findings which stated that Doss based his conclusion on Edwards's admission of guilt, the charging officer's report, Miles's testimony, Kite's testimony, and other evidence. Edwards appealed the decision which Warden Chaney upheld. Edwards attempted to appeal to the next level; however, Crystal Irvin held that the appeal was void because it was untimely.

Edwards contends that the disciplinary action was taken against him in retaliation for his past activities. He states that he had filed many grievances during the seven years that he was assigned to Stevenson Unit. He specifically alleges that he submitted a grievance against a psychologist named Valentine for denying counseling and treatment as well as intercepting a letter to Edwards's mother. Edwards also states that he cursed at Captain Doss about one month before the hearing because Captain Doss had previously disciplined him for an infraction which Edwards thought was unfair.

Edwards argues that Janie Cockrell is liable because she had a duty as TDCJ-CID Director to ensure that her employees followed the law and TDCJ-CID policies. He argues that Robert

Parker and Warden Chaney are liable because they failed to implement proper grievance procedures at the regional and unit levels. Edwards contends that Captain Doss violated his right to a fair disciplinary hearing and that Podson failed to protect his rights at the hearing. He alleges that Irvin intentionally withheld the grievance in order to render it void. Edwards claims that Miles is liable for writing a false disciplinary report against him and he seeks $ 750.00 in damages from each defendant.

## II. Analysis

Section 1983 suits against defendants in their personal capacities must be supported by facts showing that they were personally involved in the alleged deprivations. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). The complaint against Cockrell in her personal capacity is insupportable because "[t]here is no respondeat superior liability under section 1983." *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). Without any facts showing that Cockrell was personally involved in the alleged deprivations, Edwards can only seek damages if he can prove that Cockrell implemented unconstitutional policies that were the cause of his injuries. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Edwards does not assert any facts which indicate that the alleged deprivation was the consequence of any policy and the isolated incident in question would not support such a claim. *City of Oklahoma City v. Tuttle*, 105 S.Ct. 2427, 2436 (1985); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). Therefore, Edwards's claims against Cockrell have no legal basis.

There is also no legal support for the claims against Robert Parker and Warden Chaney on the basis that they failed to implement proper policies regarding grievances. It is well settled that inmates do not have a constitutionally protected right to a grievance procedure. *See, e.g.*, *Jones v.*

*North Carolina Prisoners Labor Union*, 97 S.Ct. 2532, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."). Further, there are no facts which indicate that either Parker or Chaney were in any way involved in the disciplinary action taken against Edwards. Therefore, the claims against Parker and Chaney are baseless. *See Anderson*, 184 F.3d at 443.

Similarly, Edwards fails to state a viable claim against Crystal Irvin because Irvin did not violate a constitutional right by refusing to consider the merits of the grievance. *See, e.g.*, *Jones v. North Carolina Prisoners Labor Union*, 97 S.Ct. at 138. Moreover, Edwards fails to provide any facts which support his allegation that Irvin knowingly withheld his grievance in order that it would be dismissed as untimely. *See Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986) (conclusory allegation is insufficient to give rise to a 42 U.S.C. § 1983 claim). Therefore, Irvin should be dismissed from this action.

Podson cannot be held liable for her actions as a counsel substitute because she was not acting under color of state law when she represented him at the hearing. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (role of counsel substitute is comparable to that of public defender

in that both fulfil roles in adversarial system), *citing Polk County v. Dodson*, 102 S.Ct. 445 (1981). Therefore, Podson is dismissible.

There is no basis to Edwards's argument that Officer Miles and Captain Doss violated his rights by wrongly charging and punishing him where it is evident that he was afforded basic due process and given a fair opportunity to defend himself.  *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974); *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).  Edwards admits that he was given advance written notice of the charges; that he was able to attend the hearing and present evidence in his behalf; and that Captain Doss gave a written statement as to the basis for his finding of guilt and assessment of punishment.  Edwards was afforded all the rights available to a prisoner in a disciplinary hearing; he was not entitled to a full blown trial *Wolff*, at 2975; *Banuelos*, 41 F.3d at 234 (5th Cir. 1995), *citing Smith v. Rabalais*, 659 F.2d 539, 542 (5th Cir. 1981).  Moreover, Captain Doss's decision was not arbitrary and there was evidence to support it.  *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998), *citing Banuelos*, 41 F.3d at 234.

Further, the disciplinary measures taken against Edwards do not implicate his due process rights. *Sandin v. Conner*, 115 S.Ct. 2293, 2300 (1995).  The temporary suspensions of his privileges to use the commissary, move freely about the prison, and take part in its recreational programs are not atypical and significant deprivations that would implicate any liberty interests which can be asserted in this civil rights action. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Although in some instances an inmate's demotion in time earning status could possibly affect the date of his release, this sanction is not reviewable either. *Malachi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  *See also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (losing the ability to accrue good time credits does not inevitably affect the

length of the sentence). Moreover, Edwards admits that he is incarcerated pursuant to a robbery conviction, a crime which renders him ineligible for release under mandatory supervision. *See* Docket Entry No. 5 (More Definite Statement), page 4, answer 9. Therefore, any loss or denial of good time credits has no direct effect on the amount of time he must serve and is not actionable. *Madison*, 104 F.3d at 769. Edwards's fifteen day placement in solitary confinement is not actionable due to the short duration of his stay. *See Shoates v. Horn*, 213 F.3d 140, 144 (3rd Cir. 2000); *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir.1996).

Edwards has failed to present any facts that the defendants retaliated against him. To establish such a claim, Edwards must assert " (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Specifically, he must show that the complained of action was motivated by a desire to retaliate against him for exercising a constitutionally protected right. *MacDonald*, 132 F.3d at 231; *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995).

Edwards asserts that he filed numerous grievances; however, he fails to identify any person who was a subject of one of his grievances which would have motivated him or her to retaliate against Edwards. He fails to present any facts from which retaliation could be inferred. *Woods*, 60 F.3d at 1166. Edwards only names a psychologist who was not in any way involved in the disciplinary action. The only party identified is Captain Doss who was subjected to Edwards's profanity. Obviously a prisoner does not have a right to subject a prison official to verbal abuse. *See Goff v. Dailey*, 991 F.2d 1437 (8th Cir. 1993) (prisoner's first amendment rights were not violated when he was disciplined for publicly uttering crude personal statements about a custodial

official).  In summary, Edwards's allegations merely show that the adverse disciplinary action was taken after he had filed his grievances; such facts are insufficient to establish retaliation.  *Enlow v. Tishomingo County, Miss.*, 45 F.3d 885, 889 (5th Cir. 1995) ("sequence of events, by itself, does not amount to a reasonable inference of retaliatory intent").   The retaliation claims are dismissible because there is no indication that the defendants were even aware of Edwards's history of filing administrative complaints.  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 320 (5th Cir. 2004).

The court is authorized to dismiss frivolous prisoner actions.  28 U.S.C. § 1915(e).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Berry v. Brady*, 192 F.3d 504, 507 (1999).  A complaint has no arguable legal basis if it alleges the violation of legal interests which clearly do not exist.  *Id*.  Edwards's complaint has no merit and, therefore, is frivolous.  This action is **DISMISSED** as frivolous.

### III.  Conclusion and Order

The court **ORDERS** the following:

1. This prisoner civil rights action, filed by Edwin Henry Edwards, TDCJ # 657828, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

2. The Clerk is directed to provide a copy of this Memorandum and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 6th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE